501 A.2d 256

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Calvin McCORD.**

Superior Court of Pennsylvania.

Argued Aug. 8, 1984.

Filed Oct. 4, 1985.

Reargument Denied Dec. 6, 1985.

Kenneth J. Benson, Assistant District Attorney, Pittsburgh, for Com., appellant.

James B. Lieber, Pittsburgh, for appellee.

Before BROSKY, WATKINS and HESTER, JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Allegheny County, Criminal Division, granting the defendant's motion to suppress evidence.

The defendant-appellee, Calvin McCord, was charged with two counts of drug violations under 35 P.S. § 780–113(a)(30) and one count of possession of controlled substance, 35 P.S. § 780–113(a)(16). The drug involved was heroin.

The only question raised on appeal is whether the court below erred in granting the defendant's motion to suppress the evidence on the ground that the application for a search warrant did not contain probably cause for its issuance.

The defendant filed a motion to suppress the evidence seized pursuant to a search warrant and after hearing the court below held that the affadavit of probable cause failed to meet with the standards established by *Spinelli v. U.S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and so suppressed the evidence.

It is well established that where an affidavit in support of a search warrant is based on hearsay information, a two-pronged test must be met. The magistrate must be informed of (1) some of the underlying circumstances from which the informant concluded that contraband was present in the place specified and (2) some of the underlying circumstances from which the affiant concluded that the informant was reliable. *Aguilar v. Texas*, supra; *Spinelli v. United States*, supra; *Commonwealth v. Minton*, 288 Pa.Super. 381, 432 A.2d 212 (181).

However, the United States Supreme Court seems to have abandoned the two-pronged test for evaluating suppression of search warrant affidavits for a totality of circumstances analysis and this could be applied retrospectively to validate search warrants already found defective by

the trial court under the two-pronged test. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Price*, 318 Pa.Superior Ct. 240, 464 A.2d 1320 (1983).

The search warrant in question here contains a detailed history of all the circumstances in that the police received information from a reliable informant that the defendant was and had been dealing quantities of heroin and that they would be able to observe drug dealing at certain specific locations. A search of the house disclosed drugs for which the defendant was charged. In the warrant the police set forth the surveillance which is also detailed in the warrant's affidavit of probable cause. During more than an hour's surveillance, they observed a number of transactions.

The Commonwealth contends that regardless of the sufficiency of the informant's tip, where police officers gain additional crucial information from their personal observations which reinforce the tip, probable cause is obtained. *Commonwealth v. Norwood*, 456 Pa. 330, 319 A.2d 908 (1974).

In *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836 (1974), the court agreed with the defendant that the affidavit in the search warrant failed to specify the source from which the informant arrived at the information conveyed to the police officers. However, the court held that the subsequent police surveillance and its results set forth in the affidavit, sufficiently corroborated the informant's statement and provided an adequate basis for a finding of probable cause.

In *United States v. Acarino*, 408 F.2d 512 (2d Cir.1969, *cert. denied*, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969) the following was set forth:

It is soundly established that an informer's report which itself fails to establish probable cause may be sufficiently corroborated by independent observation of a suspect's conduct, if the latter tends to confirm the information in the report or otherwise to support a conclusion that the suspect is engaged in committing a crime.

Here the informer's tip that defendant was dealing in heroin and was in the possession of a large quantity of the drug was corroborated and reinforced by the following police observations which were set forth in the affidavit of probable cause. First, the officers observed the defendant's automobile in the area specified by the informant where drug dealing would likely take place and where the officers observed several suspected drug transactions. Second, the officers observed a series of automobiles that entered the defendant's auto body shop, stayed very briefly and then departed. The defendant did not check any of these cars, which would have been usual in the auto body business. Moreover, the officers made these observations at a time which the informant indicated drug deals would take place at defendant's body shop. Finally, garbage obtained from outside the defendant's residence yielded a large quantity of paraphernalia used for the cutting and packaging of heroin. One of the numerous plastic bags found in the garbage tested positive for the presence of heroin.

The Commonwealth further contends and we agree that the police surveillance corroborated the informant's information and together with the garbage they provided probable cause to issue the search warrant. Furthermore, the Commonwealth submits that the informant's tip, when corroborated by the subsequent police observations, allows an inference that the informant had obtained his information in a reliable way, thus satisfying the first prong of the *Aguilar-Spinelli* test.

In *United States v. Leon, et al,* 468 U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), it was recently held that evidence obtained on reasonable reliance on a defective search warrant is admissible.

We have held that an affidavit for a search warrant is to be tested by the court below in a common sense and realistic manner and is not subject to overly technical interpretations. The magistrate's determination of probable cause is entitled to great deference on review. *Common-*

*wealth v. Prokopchak,* 279 Pa.Superior Ct. 284, 420 A.2d 1335 (1980); *Commonwealth v. Nycz,* 274 Pa.Superior Ct. 305, 418 A.2d 418 (1980).

The order is reversed and the case remanded for trial. Jurisdiction is relinquished.